FILED
United States Court of Appeals
Tenth Circuit

October 26, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

| | |
|---|---|
| KENNETH EUGENE BARRETT,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>CHARLES PEARSON, Muskogee County, Oklahoma Sheriff; RAYMOND BARNES, Muskogee County Detention Center Administrator; MARTIN LANG, Muskogee County Detention Center Security Supervisor; COURTNEY BURKE, Muskogee County Detention Center Personnel; BILL THOMPSON,<br><br>Defendants-Appellees. | No. 09-7030<br>(D.C. No. 6:06-CV-00299-RAW-SPS)<br>(E.D. Okla.) |

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **BALDOCK**, and **MURPHY**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Kenneth Eugene Barrett, a federal prisoner appearing pro se and in forma pauperis, appeals from the district court's March 19, 2009, Opinion and Order dismissing his complaint without prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See* R., Vol. 1, Doc. 87. Having reviewed the parties' materials and the record on appeal in light of the governing law, we also dismiss this appeal as frivolous and assess two strikes under 28 U.S.C. § 1915(g). *See Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999).

## I. Procedural History

Mr. Barrett was arrested on September 24, 1999, after he initiated a gun battle with state and federal law enforcement officers attempting to execute a no-knock search warrant at his residence. Mr. Barrett fired at the officers, killing Oklahoma Highway Patrol Officer Rocky Eales. In February 2004, Mr. Barrett was convicted on state charges of manslaughter in the first degree and assault and battery with a dangerous weapon. R., Vol. 1, Doc. 75, Exs. 2, 4. He was sentenced to consecutive terms of twenty years' and ten years' imprisonment, respectively. *Id.*

In October 2004, Mr. Barrett was transferred to the Muskogee County Detention Center ("MCDC") pending trial on capital federal charges related to the same underlying events, and he was housed at MCDC until February 28, 2006,

approximately sixteen months. *Id.*, Doc. 75, at 2 ¶ 5. During his incarceration at MCDC, Mr. Barrett filed suit pro se and in forma pauperis under 42 U.S.C. § 1983 against defendant Raymond Barnes, MCDC Administrator. *See Barrett v. Barnes*, No. 6:05-cv-00328-RAW-SPS. Mr. Barrett asserted that he was entitled to monetary damages because defendant Barnes had violated his constitutional rights by denying him "access to a law library and copies of his legal work." R., Vol. 1, Doc. 1, Ex. A at 1. The district court dismissed Mr. Barrett's amended complaint without prejudice based on his failure to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, which Mr. Barrett was required to plead in his complaint according to Tenth Circuit precedent at that time. R., Vol. 1, Doc. 1, Ex. A at 1-2. We affirmed the dismissal on appeal because Mr. Barrett had failed to successfully allege exhaustion of administrative remedies in his amended complaint, as required by *Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1139 (10th Cir. 2005). *Barrett v. Barnes*, 184 F. App'x 735, 736-37 (10th Cir. 2006).[1]

---

[1] *Fitzgerald* has subsequently been overruled to the extent it held that "under § 1997e, exhaustion was a pleading burden that falls on the plaintiff, and a complaint that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief can be granted." *Fitzgerald*, 403 F.3d at 1139 (quotations omitted). In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court held that exhaustion of administrative remedies under the PLRA is an affirmative defense that "need not be pled in the complaint, but must be alleged in the answer." *See Allen v. Zavaras*, 568 F.3d 1197, 1200 (10th Cir. 2009) (discussing *Jones*, 549 U.S. at 212, 214, 216).

In July 2006, Mr. Barrett, now a federal prisoner after being convicted on the federal charges, filed this action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), to cure the pleading defect in his prior suit. R., Vol. 1, Doc. 1, at 1. Mr. Barrett again asserted that Mr. Barnes had violated his constitutional right of access to the courts, *id.* at 1, 5, but he also added other defendants and claims, *see generally id.*, Doc. 1. He again moved for leave to proceed in forma pauperis, which was granted. *Id.*, Docs. 2, 4. The case proceeded, and Mr. Barrett began making installment payments toward the filing fee. In August 2007, however, Mr. Barrett moved to rescind the filing fee, arguing based on a decision from the Sixth Circuit that this *Bivens* case was the same as the prior § 1983 case that was dismissed, and he should not have to pay a second filing fee. *See* R., Vol. 1, Doc. 50. The district court denied the motion in an Opinion and Order filed on February 6, 2008, pointing out that there was no Tenth Circuit authority for rescinding the filing fee and that the Sixth Circuit case upon which Mr. Barrett relied was distinguishable. *See id.*, Doc. 57, at 2 (discussing *Owens v. Keeling*, 461 F.3d 763, 773 (6th Cir. 2006)).

Proceedings in this suit continued. In July 2008, defendants moved for summary judgment, and Mr. Barrett filed a response. *Id.*, Vol. 1, Docs. 75, 79. The district court entered an Opinion and Order on March 19, 2009, but instead of ruling on defendants' summary judgment motion, the court reviewed Mr. Barrett's

five claims for relief and sua sponte dismissed the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See* R., Vol. 1, Doc. 87, at 2-8. The court reasoned that Mr. Barrett had failed to show that an actual injury resulted from the alleged denial of access to legal materials, assistance from someone trained in the law, or photocopies of legal materials and documents. *See id.* The district court promptly entered a final judgment. *Id.*, Doc. 88. Mr. Barrett filed this appeal.

## II. Discussion

The district court's disposition of this case amounts to a dismissal without prejudice for lack of jurisdiction due to lack of standing. *See* R., Vol. 1, Doc. 87, at 4. We have previously held that a plaintiff lacks standing to sue under 42 U.S.C. § 1983 for an alleged denial of access to the courts if he does not demonstrate that the alleged denial of access "resulted in 'actual injury' by 'frustrat[ing],' 'imped[ing],' or 'hinder[ing] his efforts to pursue a legal claim.'" *Simkins v. Bruce*, 406 F.3d 1239, 1243 (10th Cir. 2005) (quoting *Lewis v. Casey*, 518 U.S. 343, 351-53 & n.3 (1996)). A *Bivens* action is "the federal analogue to § 1983 claims[.]" *Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006). As a result, Mr. Barrett was also required to show actual injury to establish his standing to sue for the alleged denial of access to the courts under *Bivens*. *See Wilson v. Blankenship*, 163 F.3d 1284, 1288, 1290-91 (11th Cir. 1998).

After defendants' motion for summary judgment was fully briefed, the district court reviewed Mr. Barrett's complaint and dismissed it as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). A claim is frivolous under § 1915(e) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing § 1915(d), as the current § 1915(e) was previously designated). We review "frivolousness dismissals [under § 1915(e)(2)(B)(i)] for an abuse of discretion." *Conkle v. Potter*, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003). If the frivolousness determination turned on an issue of law, however, we review it de novo. *Id.* We are not bound to accept Mr. Barrett's allegations as true, but his "factual allegations must be weighted in [his] favor[.]" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Under § 1915(e)(2)(B)(i), the district court has "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

Mr. Barrett argues on appeal that: (1) the district court was not authorized under 28 U.S.C. § 1915(e) to sua sponte dismiss his complaint as frivolous after the completion of discovery and after summary judgment pleadings had been filed, and the court should have ruled on defendants' motion for summary judgment; (2) the district court erred by concluding that he had failed to show that an actual injury resulted from the alleged sixteen-month denial of access to legal materials, assistance from someone trained in the law, or photocopying of legal

materials and documents during his pretrial confinement at MCDC; and (3) the district court abused its discretion in denying his motion to rescind the district court filing fee for this case, which he asserts is the same action previously dismissed without prejudice for failure to plead exhaustion of administrative remedies.

    Mr. Barrett's first argument presents a question of statutory interpretation that we review de novo. *See Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 711 (10th Cir. 2004). We may quickly dispense with it. The plain language of the statute covering "[p]roceedings in forma pauperis" provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case *at any time* if the court determines that– . . . (B) the action . . . (i) is frivolous[.]" 28 U.S.C. § 1915(e)(2)(B)(i) (emphasis added). The district court did not exceed its authority by dismissing Mr. Barrett's complaint as frivolous under § 1915(e)(2)(B)(i) instead of ruling on defendants' motion for summary judgment. *Cf. Fogle v. Pierson*, 435 F.3d 1252, 1256, 1262 (10th Cir. 2006) (performing screening of in forma pauperis prisoner complaint for the first time on appeal because "§ 1915[(e)(2)(B)(i)] mandates the dismissal of a claim contained in an *IFP* complaint 'at any time' a court deems the complaint to be frivolous.").

    We also reject Mr. Barrett's arguments related to his third issue—that the district court abused its discretion in denying his motion to rescind the filing fee.

We may review this decision because "[u]nder this circuit's precedent, a notice of appeal designating the final judgment necessarily confers jurisdiction over earlier interlocutory orders that merge into the final judgment." *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc.*, 552 F.3d 1233, 1236-37 (10th Cir. 2009). The district court correctly explained that no Tenth Circuit authority supports Mr. Barrett's motion, and correctly explained why the Sixth Circuit's decision in *Owens* is distinguishable. R., Vol. 1, Doc. 57, at 2. We see no error.

Finally, in his second issue, Mr. Barrett argues that the district court erred in concluding that he did not sufficiently allege an actual injury in any of his claims. He also argues that the district court improperly relied on materials outside of the complaint. Based on our review of the district court's March 19, 2009, Opinion and Order, we cannot agree. The district court was authorized to take judicial "notice of judicial proceedings in other courts if they have a direct relation to [the] matters at issue[.]" *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) (citing *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)). It is clear that when the district court referred to the "record" in its Opinion and Order, *e.g.*, R., Vol. 1, Doc. 87, at 1, 5, 6, the court was referring either to the allegations in Mr. Barrett's complaint or to the proceedings of Mr. Barrett's other court cases attached to defendants' motion for summary judgment, matters about which the district court was authorized to take judicial notice. Those documents support the district court's conclusion that

Mr. Barrett was not prejudiced by the alleged denial of access to legal materials, someone trained in the law, or photocopies of legal materials and documents at MCDC.

We are unpersuaded by Mr. Barrett's arguments, and disagree with them for the reasons thoroughly explained by the district court in its March 19, 2009, Opinion and Order. Even taking into account Mr. Barrett's pro se status and the liberal reading to which his pleadings and other papers are entitled, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008), we see no abuse of discretion in the district court's decision that the complaint was frivolous and should be dismissed. We therefore conclude that Mr. Barrett's claims, as well as this appeal, are legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, we DISMISS this appeal as frivolous and assess two strikes under 28 U.S.C. § 1915(g). *See Jennings*, 175 F.3d at 780 ("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes."). We also VACATE the district court's April 17, 2009 order granting Mr. Barrett leave to proceed in forma pauperis on appeal.

R., Vol. 1, Doc. 93.  Mr. Barrett is reminded that he must continue making payments toward the filing fee until it is paid in full.

    DISMISSED.

                                        Entered for the Court

                                        Michael R. Murphy
                                        Circuit Judge